# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv98

| | |
|---|---|
| MICHAEL CARROLL QUINTOIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND |
| Vs. ) | RECOMMENDATION |
| ) | |
| PROPAK LOGISTICS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendant's Motion for Dismissal of the Second, Third, Fourth, and Fifth Causes of Action. Having carefully considered defendant's Motion for Dismissal of the Second, Third, Fourth, and Fifth Causes of Action and reviewed the pleadings, including plaintiff's response and defendant's reply, the court enters the following findings, conclusions, and Recommendation.

## FINDINGS AND CONCLUSIONS

**I.     Background**

In this action, plaintiff has asserted five causes of action against his former employer, as follow: (1) a Title VII claim for employment discrimination; (2) a claim

for "retaliation"; (3) a claim for negligent supervision of an employee; (4) a claim for intentional infliction of emotional distress; and (5) a claim for wrongful termination in violation of North Carolina Public Policy. The alleged factual premise of the Complaint is that plaintiff was discriminated against and eventually terminated due to his citizenship and national origin being French rather than Spanish, inasmuch as plaintiff contends that defendant preferred Spanish speaking workers. Complaint, ¶¶ 7-17. Apparently, the alleged unlawful employment practices culminated on or about December 30, 2002, when plaintiff was discharged from defendant's employment. See Docket Entry #4-2, at 1.[1]

Plaintiff has omitted the dates of the alleged unlawful acts in his Complaint. Defendant has moved to dismiss the second through fifth causes of action under Rule 12(b)(6), Federal Rules of Civil Procedure. As to the Second Cause of Action, defendant contends that a claim has not been stated because plaintiff, in charging retaliation, fails to identify any statutory or common law provision pursuant to which he seeks such relief. As to the remaining claims subject to the Motion to Dismiss and asserted as causes of action three through five, defendant contends that these claims

---

[1] Consideration of documents referenced in but outside the pleadings on a Rule 12(b)(6) motion is proper and does not convert a motion to dismiss into a motion for summary judgment. Brown v. Institute for family Centered Services, Inc., 394 F.Supp.2d 724, 728 n.2 (M.D.N.C. 2005).

are barred by the applicable statute of limitations, which is three years as to each claim.

Plaintiff has timely filed his response, and has apparently conceded that his third through fifth causes of action are not viable:

> At this time, Plaintiff will not be bringing forth the evidence necessary to oppose the Defendant's Motion to Dismiss his Third Claim of Negligent Supervision, his Fourth Claim of Intentional Infliction of Emotional Distress and his Fifth Claim of Wrongful Discharge.

Plaintiff's Response, at 4 (Docket Entry #9). The court knows of no other time to oppose a Rule 12(b)(6) other than within the 14 day response period provided by Local Civil Rule 7.1(E). Thus, the undersigned will recommend that defendant's Motion to Dismiss as to the third through fifth causes of action be summarily allowed and further that such be granted as to those causes of action inasmuch as the applicable three year statute of limitations ran well before plaintiff filed this Complaint. As to the Motion to Dismiss the Second Cause of Action, plaintiff's response is two-fold: first, that it should be readily apparent from the administrative charge of discrimination what is his statutory basis for the claim of retaliation; and second, that while Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007) "is interesting, it does not change the pleading requirements set out by the Federal Rules...." Inasmuch as plaintiff has only argued against dismissal of his

second cause of action, the undersigned will focus on whether plaintiff has stated a cause of action for "retaliation" in his Second Cause of Action.

## II. Applicable Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's Complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the

"no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007). Under Bell Atlantic Corp., to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will

view them in a light most favorable to plaintiff.

## III. Discussion of Motion to Dismiss as to the Second Cause of Action

### A. Introduction

Defendant has moved to dismiss plaintiff's Second Cause of Action, arguing that plaintiff, in charging retaliation, has failed to identify any statutory or common law provision pursuant to which he seeks such relief. In response, plaintiff argues that the statutory basis should be self evident based on the administrative charge of discrimination and that the pleading requirements expressed in <u>Bell Atlantic Corp.</u>, <u>supra</u>, are inapplicable. Defendant further argues in Reply that neither of plaintiff's arguments are meritorious and that his motion for leave to amend should be denied because plaintiff has again failed to identify the statutory source of his claim of retaliation.

For the reasons more thoroughly discussed below, the undersigned agrees with defendant and finds plaintiff's arguments not only unpersuasive, but wrong as a matter of law. While plaintiff could have very simply cited the legal basis of his claim of retaliation in his Complaint - - or at the very least in his response - - the legal basis is capable of determination by reading the four corners of the Complaint. Thus, the undersigned will recommend that defendant's Motion to Dismiss the plaintiff's Second Cause of Action be granted in part as to any claim of retaliation beyond Title

VII and denied in part insofar as plaintiff has stated a cause of action for Title VII retaliation.

### B. Discussion of Plaintiff's Second Cause of Action

In conducting a Rule 12(b)(6) analysis, the undersigned has started with the text of plaintiff's Second Cause of Action. Plaintiff's Second Cause of Action is stated in the Complaint as follows:

**SECOND CAUSE OF ACTION:**

**Retaliation**

22. The allegations contained in paragraphs 1-21 of the Complaint are re-alleged and incorporated by reference as though fully set forth herein.
23. Defendant retaliated against Plaintiff because she [*sic*] complained about the violation of his civil rights.
24. Defendant unfairly criticized, harassed and disciplined Plaintiff based upon the fact that Plaintiff complained about the violation of his civil rights.
25. That as a result of Defendant's actions, Plaintiff has suffered compensatory damages including, but not limited to, damages to his future career and livelihood, lost wages, lost fringe benefits, and other benefits in an amount in excess of $100,000.00.
26. Defendant's retaliatory acts and conduct were willful and wanton and in gross and reckless disregard of the rights of Plaintiff, and as such, Plaintiff is entitled to punitive damages in an amount in excess of $100,000.00.

Complaint, at ¶¶ 22-26. In paragraph 22, plaintiff incorporates and re-alleges the *preceding* paragraphs of his Complaint. Paragraph 19 includes a reference to Title

VII and provides as follows:

> 19. That Defendant discriminated against Plaintiff on the basis of his national origin and citizenship by actions including, but not limited to disparate treatment, harassment, unwarranted disciplinary actions and refusal to address the discrimination, although it had the obligation, opportunity, and means to do so. Defendant created stress and otherwise adversely treated Plaintiff, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

Complaint, at ¶ 19. Having considered the relevant allegations of the Complaint, and having a glimpse of the wrong complained of, the undersigned will now review current case law concerning stating a claim for Title VII retaliation.

To state a claim for Title VII retaliation, plaintiff must allege: (1) that he engaged in protected activity; (2) that his employer took an adverse employment action against him; and (3) that a causal connection existed between the protected activity and the asserted adverse action. Gunten v. Maryland, 243 F.3d 858, 863 (4th Cir.2001); Islam v. Geren, 2007 WL 1556874, 2 (E.D.Va. 2007).[2]

Applying the case law to the allegations of the Complaint, plaintiff has alleged in the text of his Second Cause of Action that he was subjected to retaliation because he had "complained about <u>the</u> violation of his civil rights." Complaint, at ¶ 23.

---

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

Because plaintiff has not included a statutory reference for or better described "the violation of his civil rights," his pleading as well as his response requires this court (as well as defendant) to do some detective work. First, as emphasized above, plaintiff used the determiner "the" in front of the noun phrase "civil rights violation" in his Second Cause of Action, and as such signified a "particular, specified person[] or thing[]." *The American Heritage Dictionary of the English Language, 4th Ed.*, at 1792 (Houghton Mifflin 2000). At that point in the Complaint, the only civil rights violation alleged was found in the First Cause of Action, providing that his rights under Title VII were violated due to discrimination based on his "national origin and citizenship." Complaint, at ¶ 19. Plaintiff specifically incorporated such paragraph into his Second Cause of Action, leading to a reasonable inference that "the violation of his civil rights" is the only violation mentioned up to that point in the pleadings, which was the alleged violation of Title VII contained in the First Cause of Action. Id.

     Only through such linguistic gymnastics can this court discern the nature and basis of plaintiff's retaliation claim, which appears to be a claim for Title VII retaliation. The pleading requirements of a Title VII retaliation claim are satisfied inasmuch as plaintiff has alleged: (1) protected activity, to wit, that he "complained about the violation of his civil rights," which alleged unlawful activity is better

defined in the First Cause of Action <u>id.</u>; (2) adverse action by his employer, to wit, "Defendant unfairly criticized, harassed and disciplined Plaintiff," Complaint, at ¶ 24; and (3) a causal connection, to wit, that such action was "based upon the fact that Plaintiff complained about the violation of his civil rights." <u>Id.</u> The undersigned will, therefore, recommend that defendant's Motion to Dismiss the Second Cause of Action be denied <u>only</u> insofar as plaintiff has stated a claim for Title VII retaliation. The undersigned will further recommend that the Motion to Dismiss be granted insofar as such cause of action purports to be a cause of action for any other sort of retaliation.

**IV.     Sanctions**

Counsel for defendant has requested that the court impose upon counsel for plaintiff the defendant's fees and costs in bringing its Motion for Dismissal inasmuch as plaintiff's third through fifth causes of action were clearly time barred, and plaintiff attempted to hide such fact through omission of dates in such claims. While intentionally omitting dates from causes of action may violate an attorney's duty of candor with the tribunal, North Carolina law as well as the North Carolina Rules of Professional Conduct clearly allow an attorney to file a time barred claim. 2003 FEO 13; <u>See</u> <u>Northhampton County Drainage Dist. No. 1 v. Bailey</u>, 92 N.C.App. 68 (1988), <u>rev'd in part and aff'd in part</u>, 326 N.C. 742 (1990). Raising the bar of the

statute of limitations is an affirmative defense, and the undersigned does not believe that sanctions should flow from a lawful pleading practice.

The second and more troubling aspect brought to the court's attention by defendant concerns plaintiff's failure to include any dates as to the time barred torts. Compounding that initial failure is counsel for plaintiff's rather cryptic response to the Motion for Dismissal of those claims, which is set out verbatim above. Further, review of the remainder of the response submitted by plaintiff gives this court concern as to the professional effort counsel for plaintiff has exhibited.

While there is a wide range of acceptable practice by attorneys, <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), counsel for plaintiff should be advised that both her Complaint and response fall well below the court's expectations of an experienced federal practitioner. The deficiencies of the Complaint are outlined above and counsel should be aware that her lack of effort in drafting the Complaint has resulted in an inordinate expenditure of scarce judicial resources.

While the avoidable errors of the Complaint could be comprehensible in the context of a rush to file, the tenor and tone of the arguments asserted in the plaintiff's Response are unlike anything this court has ever seen. While having seen bravado in pleadings and misapprehension of applicable law in other pleadings, the undersigned has never seen such a high degree of bravado combined with such an

utter failure to comprehend applicable law. The following argument contained in counsel's responsive brief demonstrates the court's concern:

> The Plaintiff, Michael Carroll Quintois, is properly before this Court in the hopes of having his Title VII Civil Rights and Retaliation claims not only heard, but ultimately properly evaluated and reviewed by a governing judicial body including a Federal Court judge and a jury of his peers. The Defendant, however has filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state a claim upon which relief can be granted.
> The Defendant's Motion and supporting Memorandum are premature and without merit before this court as an attempt to mislead this Court into applying a pleading standard that is neither appropriate nor required in employment discrimination suits.

Response, at 1-2. How a motion to dismiss can be premature when it is filed as a responsive pleading to a Complaint that is, in most part, time barred escapes reason. A motion to dismiss under Rule 12(b) provides the correct method to present a statute of limitations defense. Further, and even more troubling, plaintiff's allegation that another attorney is attempting to "mislead this Court" is a serious charge that, if true, would result in discipline by the court of that attorney. Counsel for plaintiff's charge is completely unfounded. The motion and filings of counsel for the defendant were well taken and supported by cited authority. The same cannot be said about the pleadings of plaintiff's counsel.

Through trial and error, the undersigned has come to recognize that it cannot cause a tiger to change its stripes, and the court is nearly positive that a monetary

sanction will not cause counsel for plaintiff to be either more reflective or circumspect. On the other hand, arguments such as those contained in the response, not only do a disservice to counsel for plaintiff's professional reputation, they strike at the heart of the judicial process and public confidence in both attorneys and the judiciary. To keep such from recurring in this case, the undersigned will recommend that the district court, under its inherent authority over matters coming before it, require counsel for plaintiff at her own expense to associate counsel experienced in federal practice and who is outside of her firm to appear, review, and sign off on all further pleadings in this matter.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion for Dismissal (#3)

(1) of the Third, Fourth, and Fifth Causes of Action be **ALLOWED,** and that such claims be **DISMISSED WITH PREJUDICE** as time barred; and

(2) of the Second Cause of Action be **DENIED** as to a claim for Title VII retaliation, but otherwise **GRANTED** as to any other possible claim for retaliation recognized at law.

**IT IS FURTHER RECOMMENDED** that the district court, under its inherent authority over matters coming before it, require counsel for plaintiff at her own expense to associate counsel experienced in federal practice who is outside of her firm to appear, review, and sign off on all further pleadings in this matter.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: June 20, 2008

Dennis L. Howell
United States Magistrate Judge